IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. __09CV01709__
(To be supplied by the court)

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 20 2009

GREGORY C. LANGHAM
CLERK

__Shane McMillan__, Plaintiff,

v.

__Wiley__, __Watts__,

__Fox__, __Bureau of Prisons__,

__Jones__, __Dept. of Justice__,

__Javernick__, __United States__,

__Collins__, __Lappin__

__Fenlow__,

__Madison__,

__Nalley__, Defendant(s).

(List each named defendant on a separate line.)

---

**PRISONER COMPLAINT**

---

(Rev. 1/30/07)

1A

## A. PARTIES

1. Shane McMillan #07580-091
   (Plaintiff's name, prisoner identification number, and complete mailing address)
   PO Box 8500 Florence, Co 81226

2. Warden Wiley   US Penitentiary - Max
   (Name, title, and address of first defendant)
   Florence, Co 81226

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of ~~state~~ law? ✓ Yes ___ No (CHECK ONE). Briefly explain your answer:
   Wiley has been the "ADX" Warden for the period covering his violations

3. Associate Warden Fox, US Penitentiary Max
   (Name, title, and address of second defendant)
   Florence, Co 81226

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of ~~state~~ law? ✓ Yes ___ No (CHECK ONE). Briefly explain your answer:
   Fox has been the A.W for the period covering his violations

4. Associate Warden Jones  US Penitentiary Max
   (Name, title, and address of third defendant)
   Florence, Co 81226

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of ~~state~~ law? ✓ Yes ___ No (CHECK ONE). Briefly explain your answer:
   Jones has been the A.W for the period covering his violations

(If you are suing more than three defendants, use extra paper to provide the information requested above for each additional defendant. The information about additional defendants should be labeled "A. PARTIES.")

(Rev. 1/30/07)                                          2

## II. Parties

5. Unit Custody Manager Javernick, acting under the color of law, oversees unit custody management and mailroom operations.

6. Unit Manager Collins, acting under color of law, has been Plaintiff's Unit Manager since 2007.

7. Fenlon, acting under color of law, has been Plaintiff's Case Manager since 2007.

8. Counselor Madison, acting under color of law, has been Plaintiff's Counselor since 2007.

9. Director Nalley, acting under color of law, is the Regional Director of the B.O.P., North Central Regional office, Kansas City, Kansas.

10. Watts, acting under the color of law, is the administrative remedies coordinator for the BOP, Washington, D.C.

11. Director Lappin, acting under color of law, is the National Director of the BOP, Washington, D.C.

12. Bureau of Prisons, Dept. of Justice, and United States are municipalities which, under the color of law, have implemented, endorsed, approved, condoned, and otherwise propagated the customs and standards which have enabled the <u>systematic</u> constitutional violations addressed in this action.

(2B)

## B. JURISDICTION

1. I assert jurisdiction over my civil rights claim(s) pursuant to: (check one if applicable)

   ___  28 U.S.C. § 1343 and 42 U.S.C. § 1983 (state prisoners)

   ✓  28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal prisoners)

2. I assert jurisdiction pursuant to the following additional or alternative statutes (if any):

   28 USC 1346; 1342, 5 USC 702, 42 USC 1981-87
   and Jury trial Demanded

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case. If more space is needed to describe the nature of the case, use extra paper to complete this section. The additional allegations regarding the nature of the case should be labeled "C. NATURE OF THE CASE."

Defendants have conspired to deprive Plaintiff of Constitutional Rights, including due process, and freedom from cruel and unusual punishment; they have deprived him of procedural due process. They have falsified government documents and have falsified conditions of confinement.

All defendants are sued in their individual and official capacity. The municipalities are sued based on recognized procedures and customs at the core of violations, as well as pursuant to the "Federal Tort Claims Act" ("FTCA") and the Administrative Procedure Act ("APA")

(Rev. 1/30/07)                                    3

## D. CAUSE OF ACTION

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific cases to support your claim(s). If additional space is needed to describe any claim or to assert more than three claims, use extra paper to continue that claim or to assert the additional claim(s). The additional pages regarding the cause of action should be labeled "D. CAUSE OF ACTION."

1. Claim One: _Use of Isolation in Violation of Due Process and_
   Supporting Facts: _the 5th and 8th Amendments_

Defendants Wiley, W. Jones, Javernick, Collins, Fenton, Madison, Nalley, Watts, Lappin, B.O.P., D.O.J, and U.S have created and propagated "Control Units" ie solitary confinement units - but have circumvented all due-process and humanitarian protective guidelines by fraudulently asserting on paper that these units are "general population" in blatant violation of 28 CFR 541.40-49, 28 CFR 541.43-49, program statements 5212.07, 6010.01, and Austin v. Wilkerson, 545 US 209 (2005).

Wiley, Nalley, and Lappin unlawfully turned units D, E, F, & G into 24/7 lock-down units years ago and to this day have refused to apply any of the due-process protections. They instead call these units "general population," a status without protections. yet the conditions in these units is nothing less than solitary confinement. This is a well known fact to all the defendants due to the fact that the official control unit, B-Unit, is operated in the same building.

In 28 CFR 541.43 there are policies that protect any inmate from being housed in a control unit without due process. The inmate must be given notice at least 24 hours prior to a hearing, he has the right to present evidence in his own behalf, and show why he should be allowed to remain in general population. ie- an open compound.

(Rev. 1/30/07)                                    4


## D. Cause of Action

28 CFR 541.47 clearly states that any inmate admitted to the Control Unit will be told how long he will be housed there and what is required of him to discharge from the control unit.

Inmates housed in the official Control Unit are housed in single cells and locked behind double doors. They live alone, eat their meals alone, recreate alone in single man recreation rooms, they have no human contact unless they are shackled and chained. All inmates housed in the Control Unit (B-Unit) are given due process hearings before being assigned to the Control Unit. Once here they are told how long they have to do here, what is required to discharge. They see a unit team every 30 days and are given credit towards their time. That credit once earned cannot be taken away. So even if they get a "write-up" they do not lose all the "good time" they have earned!

Plaintiff was ~~approved~~ [sm] recommended for placement into the ADX Control Unit by Warden Menifee at USP-Pollock as required by 28 CFR 541.41. Plaintiff was <u>not</u> ~~approved~~ to be housed in the control unit. Plaintiff was approved to be housed in general population. Yet he was still sent to ADX Florence to be housed in a <u>so called</u> "general population" unit. Plaintiff lives alone, eats his meals alone, recreates alone, lives in a single cell locked behind double doors, and has no human contact unless shackled and chained. Plaintiff is locked away alone 24 hours per day, 7 days per week. In no shape, form, or fashion do these conditions of confinement meet the criteria for general population.

Defendants Wiley, Fox, Jones, Javernick, Collins, Fenlon, and Madison have falsified government documents in furtherance of the behavior calling indefinite solitary confinement general population - ie an open compound. This is a systematic fraud committed at every level of the B.O.P., municipal liability also attaches.

## D. Cause of Action

There is a legal definition for "General Population" and spending years and years on end in the conditions listed above does not qualify by any standard. The result is psychological torture elevating violations of due process to cruel and unusual punishment.

Defendants Wiley, Fox, Jones, Collins, and Fenlon refused to allow plaintiff into the step-down program, after he met all the qualifications, for conduct which he was originally sent to ADX for, is arbitrary and capricious and thus violates procedural due process. Even though plaintiff did all that was asked of him, by defendants denying him access to the program they added atleast 6 months to his being locked in solitary.

Moreover in light of the CFR's procedural due process for giving inmates any disciplinary segregation time, and from the findings of Wilkinson V Austin 545 US 209 (2005), defendants policy of adding atleast one year to plaintiff's solitary confinement time, for any and every alleged rule violation, no matter how minor and with no procedural due process at all is a systematic violation of due process.

Not only is the Plaintiff being unlawfully held in extreme isolation but it is for an indefinite period of time. The inmates in the Control unit get due process hearings and once they earn "good time" credit it can't be taken away. Plaintiff lives in the same conditions but with no due process and can be stripped of all good time / clean time on a whim.

Plaintiff contends that his rights guaranteed by the 5th and the 8th Amendments of the US Constitution have been violated and the defendants have shown deliberate indifference.

(4C)

## D. CAUSE OF ACTION

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific cases to support your claim(s). If additional space is needed to describe any claim or to assert more than three claims, use extra paper to continue that claim or to assert the additional claim(s). The additional pages regarding the cause of action should be labeled "D. CAUSE OF ACTION."

1. Claim ~~One~~ Two: Conspiracy to Violate Civil Rights

Supporting Facts: Defendants Wiley, Fox, Jones, Javernick, Collins, Fenlon, Madison, Nalley, Watts, Lappin, Bureau of Prisons, Dept of Justice, and the United States have acted in concert to deprive plaintiff of his 5th and 8th Amendment rights by enacting and/or enabling conduct which they know to be in furtherance of unlawful and unconstitutional violations predicated on the behavior in claim 1. Even though all defendants know that plaintiff is housed in solitary confinement, they have continued to sign off on falsified gov't documents stating that units D, E, F, & G are general population and have fabricated rationalizations to endorse it. To this day they continue to conspire to keep approx. 240 inmates, including plaintiff, in solitary confinement without due process. If given due process many inmates would not qualify to be housed at ADX Florence. That would leave many cells empty and defendants do not want that. So all defendants have repeatedly and systematically violated 28 CFR 541.40-49, and the 5th Amendment rights guaranteed by the US Constitution.

(Rev. 1/30/07)   4 (5)

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? __ Yes _X_ No (CHECK ONE). If your answer is "Yes," complete this section of the form. If you have filed more than one lawsuit in the past, use extra paper to provide the necessary information for each additional lawsuit. The information about additional lawsuits should be labeled "E. PREVIOUS LAWSUITS."

1. Name(s) of defendant(s) in prior lawsuit: _N/A_

2. Docket number and court name: _N/A_

3. Claims raised in prior lawsuit: _N/A_

4. Disposition of prior lawsuit (for example, is the prior lawsuit still pending? Was it dismissed?): _N/A_

5. If the prior lawsuit was dismissed, when was it dismissed and why? _N/A_

6. Result(s) of any appeal in the prior lawsuit: _N/A_

## F. ADMINISTRATIVE RELIEF

1. Is there a formal grievance procedure at the institution in which you are confined?
   _X_ Yes __ No (CHECK ONE).

2. Did you exhaust available administrative remedies? _X_ Yes __ No (CHECK ONE).

(Rev. 1/30/07)                     7

## G. REQUEST FOR RELIEF

State the relief you are requesting. If you need more space to complete this section, use extra paper. The additional requests for relief should be labeled "G. REQUEST FOR RELIEF."

The conduct of defendants, and the municipalities, should be declared an abuse of agency discretion pursuant to the A.P.A., 5 USC A § 706 (2)(A).

Plaintiff requests declaratory, injunctive, compensatory, and punitive relief regarding the constitutional violations of each defendant and the systematic violations of the municipalities. As to the conspiracy to violate civil rights in Claim 2, Plaintiff seeks injunctive and declaratory relief, and compensatory and punitive damages against each defendant, in the amount of $25.00 – $100.00 per defendant, per violation, per day for the duration of the conspiracy as a whole.

As to Claim 1, Plaintiff seeks declaratory and injunctive relief, declaring that "Solitary Confinement" is a legal term based on factual conditions rather than an ambiguous term subject to expansive interpretations, to the point of being possibly synonymous with "General Population".

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on ___6/14/09___
(Date)

_____Shane McMillan_____
(Prisoner's Original Signature)

## G. REQUEST FOR RELIEF (PAGE 2)

State the relief you are requesting. If you need more space to complete this section, use extra paper. The additional requests for relief should be labeled "G. REQUEST FOR RELIEF."

and prohibiting the use of "Control Unit" conditions without control unit due process and 8th Amendment protections. Plaintiff also seeks compensatory and punitive damages for everyday he has been unlawfully, and in violation of regulation and BOP policy, kept in solitary confinement based on the pretense that if the defendants call it by another name, they may circumvent the law. These damages should compensate for psychological suffering, at a rate of $25.00 - $100.00 per defendant, per violation, per day, and for physiological deterioration caused by excessive isolation.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on ___6/14/09___
　　　　　　　　(Date)


_____
(Prisoner's Original Signature)