FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
JUL 24 2009
GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01709-BNB

SHANE McMILLAN,

Plaintiff,

v.

WILEY,
FOX,
JONES,
JAVERNIK,
COLLINS,
FENLON,
MADISON,
NALLEY,
WATTS,
BUREAU OF PRISONS,
DEPT. OF JUSTICE,
UNITED STATES, and
LAPPIN,

Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Shane McMillan, is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Mr. McMillan has filed ***pro se*** a Prisoner Complaint. The court must construe the Prisoner Complaint liberally because Mr. McMillan is not represented by an attorney. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a ***pro se*** litigant. ***See Hall***, 935 F.2d at 1110. For the reasons stated below, Mr. McMillan will be ordered to file an amended complaint.

The court has reviewed the Prisoner Complaint filed by Mr. McMillan and finds that it is deficient. Mr. McMillan asserts two claims for relief alleging that his rights under the United States Constitution have been violated by ten individual BOP employees, the United States, the Department of Justice, and the BOP. He asserts these constitutional claims pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971). In order to succeed in a ***Bivens*** action, Mr. McMillan must demonstrate that federal officials violated his rights under the United States Constitution while acting under color of federal law. ***See Dry v. United States***, 235 F.3d 1249, 1255 (10th Cir. 2000). However, he may not assert his ***Bivens*** claims against the United States, the Department of Justice, or the Bureau of Prisons. ***See Smith v. United States***, 561 F.3d 1090, 1099 (10th Cir. 2009). Therefore, it is not clear what claims Mr. McMillan may be asserting against the United States, the Department of Justice, and the BOP. Although Mr. McMillan refers to both the Federal Tort Claims Act and the Administrative Procedure Act in the Prisoner Complaint, he does not specifically assert any claims pursuant to either of those statutes. Therefore, if Mr. McMillan wishes to pursue any claims against the United States, the Department of Justice, or the BOP, he must file an amended complaint that clarifies what those claims are.

Mr. McMillan also must clarify his ***Bivens*** claims against the individual Defendants. In order to state a claim in federal court, Mr. McMillan "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant

violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Context matters in providing a short and plain statement of a claim as required pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure. ***See Robbins v. Oklahoma***, 519 F.3d 1242, 1248 (10th Cir. 2008).

> In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore it is particularly important in such circumstances that the complaint make clear exactly ***who*** is alleged to have done ***what*** to ***whom***, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.

***Id.*** at 1249-50. "These same generalities can be stated of complaints in ***Bivens*** cases." ***Smith***, 561 F.3d at 1104.

Mr. McMillan makes only collective allegations against the named Defendants in support of his constitutional claims without specifying how each Defendant has violated his rights. Therefore, the constitutional claims against the individual Defendants also are subject to dismissal unless Mr. McMillan files an amended complaint that clarifies how each named Defendant allegedly has violated his rights. Accordingly, it is

ORDERED that Mr. McMillan file **within thirty (30) days from the date of this order** an amended complaint that complies with this order if he wishes to pursue his claims in this action. It is

FURTHER ORDERED that the clerk of the court mail to Mr. McMillan, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. McMillan fails to file an amended complaint that complies with this order to the court's satisfaction within the time allowed, the

action will be dismissed without further notice.

DATED at Denver, Colorado, this 24th day of July, 2009.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01709-BNB

Shane McMillan
Reg. No. 07580-091
ADX – Florence
PO Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 7/24/09

GREGORY C. LANGHAM, CLERK

By: ______________________
Deputy Clerk