IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01709-BNB

SHANE McMILLAN,

     Plaintiff,

v.

WILEY,
FOX,
JONES,
JAVERNIK,
COLLINS,
FENLON,
MADISON,
NALLEY,
WATTS,
LAPPIN,
DAVIS, and
BUREAU OF PRISONS,

     Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 0 1 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Shane McMillan, is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Mr. McMillan has filed a *pro se* Amended Prisoner Complaint pursuant to 28 U.S.C. § 1331 and ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971). The court must construe the Prisoner Complaint liberally because Mr. McMillan is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant.

*See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. McMillan will be ordered to file a second amended complaint.

Mr. McMillan appears to assert two claims in the amended complaint.  First, he alleges that all named Defendants engaged in a conspiracy to violate his civil rights when they placed him in solitary confinement.  Second, he alleges that the use of solitary confinement violates his right to due process.  However, his handwriting is hard to read, which makes understanding his allegations difficult.  Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible.  *See* D.C.COLO.LCivR 10.1E. and G.  One reason the amended complaint Mr. McMillan filed is difficult to read is because the amended complaint is single-spaced and written in cursive.  Therefore, the second amended complaint Mr. McMillan will be directed to file, if handwritten, shall be double-spaced and written legibly.

In addition, the second amended complaint Mr. McMillan will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022

2

(10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the Court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. McMillan fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Mr. McMillan's amended complaint is thirty-two pages and his claims are repetitive and unnecessarily verbose. Therefore, Mr. McMillan will be directed to file an second amended complaint that complies with the pleading requirements of Rule 8. Mr. McMillan is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims.

Finally, Mr. McMillan may not sue the Federal Bureau of Prisons in a *Bivens* action. The United States, as sovereign, is immune from suit unless it expressly consents to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976); *Bivens*, 403 U.S. at 410; *Ascot Dinner Theatre, Ltd. v. Small Business Admin.*, 887 F.2d 1024, 1027 (10th Cir. 1989). Accordingly, it is

ORDERED that Plaintiff, Shane McMillan, file **within thirty days from the date**

3

**of this order** a second amended complaint that complies with the directives of this order.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. McMillan, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the second amended complaint.  It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that if Mr. McMillan fails to file a second amended complaint that complies with this order to the Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED October 1, 2009, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  09-cv-01709-BNB

Shane McMillan
Reg. No. 07580-091
ADX – Florence
PO Box 8500
Florence, CO 81226

      I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 10/1/09

GREGORY C. LANGHAM, CLERK

By: _____
                    Deputy Clerk