IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01709-BNB

SHANE McMILLAN,

    Plaintiff,

v.

WILEY,
FOX,
JONES,
JAVERNIK,
COLLINS,
FENLON,
MADISON,
NALLEY,
WATTS,
LAPPIN,
DAVIS, and
BUREAU OF PRISONS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 0 9 2010

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, Shane McMillan, is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Mr. McMillan has filed a *pro se* Second Amended Prisoner Complaint pursuant to 28 U.S.C. § 1331 and ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971).

The Court must construe the Second Amended Prisoner Complaint liberally because Mr. McMillan is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

However, the Court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110.

Mr. McMillan asserts two claims in the second amended complaint. First, he alleges that all named Defendants have violated his rights pursuant to the Fifth and Eighth Amendments, because he has been placed in solitary confinement since 2007 without receiving any due process prior to his placement. Second Amended Complaint at 4-6. He alleges that the Defendants have created, or participated in, BOP policies that allow for the placement of inmates in units that are labeled "general population," but that actually replicate the conditions of the "control unit," i.e., allow for total isolation and little access to the outdoors or other prison programs. *Id.* at 6-12. Mr. McMillan alleges that inmates placed in the "control unit" receive due process hearings prior to their placement, but that inmates placed in the sham "general population" units do not receive hearings. *Id.* He further alleges that this policy has allowed Defendants to place him in solitary confinement for an indefinite amount of time without any due process protections in place. *Id.* In his second claim, Mr. McMillan asserts that the named Defendants have engaged in a conspiracy to violate his constitutional rights by instituting the BOP policies that have placed him in solitary confinement. *Id.* at 13-15.

Mr. McMillan's claims raise issues that are not appropriate for summary dismissal. Therefore, this case will be drawn to a district judge and to a magistrate judge.

However, Mr. McMillan may not sue the Federal Bureau of Prisons in a **Bivens** action. The United States, as sovereign, is immune from suit unless it expressly

2

consents to be sued. **United States v. Testan**, 424 U.S. 392, 399 (1976); **Bivens**, 403 U.S. at 410; **Ascot Dinner Theatre, Ltd. v. Small Business Admin.**, 887 F.2d 1024, 1027 (10th Cir. 1989). Accordingly, the Federal Bureau of Prisons will be dismissed as party to this action. It is

ORDERED that Defendant Bureau of Prisons is dismissed as parties to this action because it is immune from suit. The Clerk of the Court is instructed to remove Defendant Bureau of Prisons as a named party to the suit. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 5th day of _February_, 2010.

BY THE COURT:

_/s/ illegible signature_ for

PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01709-BNB

Shane McMillan
Reg. No. 07580-091
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 2/9/10

GREGORY C. LANGHAM, CLERK

By: _____
     Deputy Clerk