IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01709-WYD-KLM

SHANE MCMILLAN

    Plaintiff,

v.

WILEY,
FOX,
JONES,
JAVERNICK,
COLLINS,
FENLON,
MADISON,
NALLEY,
WATTS,
LAPPIN, and,
DAVIS

    Defendants.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on third party Tracy Swena's **Motion for Permissive Joinder to [sic] Rule 20(A) or for Permissive Intervention Pursuant to Rule 24(b) F.R. Civ. P.** [Docket No. 40; Filed March 17, 2010] (the "Motion").

IT IS HEREBY **ORDERED** that the Motion is **DENIED**. Although the third party claims to have issues and parties in common with Plaintiff, the issue of joinder or intervention is left to the Court's discretion. *See Rueb v. Zavaras*, 2009 WL 1579518, at *2 (D. Colo. June 4, 2009) (unpublished decision) (citing *Wynn v. Nat'l Broad. Co.*, 234 F. Supp. 2d 1067, 1078 (C.D. Cal. 2002)). Even if the requirements for permissive joinder or intervention are satisfied, there is no requirement pursuant to the Federal Rules of Civil

Procedure that the parties be joined. *See, e.g.*, 7 Charles Alan Wright et al., *Federal Practice and Procedure* § 1652, at 395-96 (3d ed. 2001) (noting that joinder is properly denied when it could result in undue delay); 7C Charles Alan Wright et al., *Federal Practice and Procedure* § 1910, at 450 (3d ed. 2007) (same regarding intervention).

Both Plaintiff and the third party are prisoners. Given the necessary limitations imposed on prisoners in their ability to communicate with each other, efficiency would not be served by joinder or intervention in this case. In addition, intervention is not proper given that the third party failed to comply with the requirements of Fed. R. Civ. P. 24(c). To the extent that the third party would like to pursue similar claims, he may attempt to bring a separate action. *See Lower Ark. Valley Water Conservancy Dist. v. United States*, 252 F.R.D. 687, 690-91 (D. Colo. 2008) (noting that the availability of an adequate remedy in another action is a factor to be considered in determining whether permissive intervention is appropriate).

Dated: May 3, 2010

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge