IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01709-WYD-KLM

SHANE MCMILLAN

    Plaintiff,

v.

WILEY,
FOX,
JONES,
JAVERNICK,
COLLINS,
FENLON,
MADISON,
NALLEY,
WATTS,
LAPPIN, and,
DAVIS,

    Defendants.

___

**ORDER SETTING PRELIMINARY SCHEDULING CONFERENCE**
___

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court *sua sponte*. Upon receipt of Defendants' *Martinez* Report and Answer [Docket Nos. 53 & 53-1],

IT IS HEREBY **ORDERED** that a preliminary Scheduling Conference is set for **August 19, 2010 at the hour of 9:30 a.m.**, in Courtroom C-204, Second Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado. The parties need not comply with the requirements of Fed. R. Civ. P. 16 and 26(a)(1) and D.C.COLO.LCivR. 16.1. and 16.2. The purpose of the conference is to set deadlines for joinder of parties/amendment of pleadings, discovery, and dispositive motions, and also to set

discovery limitations and parameters. On the date and time of the conference, Plaintiff and his case manager shall contact the Court at **(303) 335-2770** to participate.

In advance of the scheduling conference, the Court clarifies the purpose and usefulness of Defendants' *Martinez* Report going forward. While the Court permitted Defendants to submit a *Martinez* Report, upon review, its usefulness appears to be limited. Although Defendants purport to seek dismissal of Plaintiff's case, they have not filed a dispositive motion, and the Court does not interpret the Report to accomplish this purpose. Further, none of the purposes for a *Martinez* Report appear to be served by its preparation here. Specifically, there are no clear jurisdictional issues that need to be resolved, the case has already been subjected to preliminary review and undergone an analysis pursuant to 28 U.S.C. § 1915(a) [Docket No. 22] and, assuming Plaintiff has complied with his duty to exhaust his admininistrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, the prison has already had an opportunity to review and correct any alleged violation of constitutional rights associated with Plaintiff's conditions of confinement. *See Martinez v. Aaron*, 570 F.2d 317, 319-20 (10th Cir. 1978). Furthermore, given the development of prisoner litigation jurisprudence since *Martinez*, the remaining vitality of a *Martinez* Report is sufficiently in doubt.

To the extent that the Report expresses Defendants' preference for having this case resolved in conjunction with other cases pending on the Court's docket, the Court rejects this proposal. Whether Defendants have violated Plaintiff's constitutional rights is a fact-specific, individualized determination. Further, this case is in an entirely different procedural posture from the other pending cases and justice would not be served by expediting my review of Plaintiff's claims without allowing a sufficient amount of time for

discovery and dispositive motions practice. In my view, this case should now proceed through customary pretrial litigation.

IT IS FURTHER **ORDERED** that no Response to Defendants' *Martinez* Report or Answer shall be permitted. To the extent that Defendants intend to use the information contained therein in a separately-filed dispositive motion, Plaintiff will be given an opportunity to respond at that time.

Dated: July 13, 2010

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix