IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01709-WYD-KLM

SHANE MCMILLAN,

    Plaintiff,

v.

WILEY,
FOX,
JONES,
JAVERNICK,
COLLINS,
FENLON,
MADISON,
NALLEY,
WATTS,
LAPPIN, and,
DAVIS,

    Defendants.

_____

## ORDER GRANTING STAY
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants' **Motion to Stay Discovery** [Docket No. 67; Filed February 28, 2011] (the "Motion"). Plaintiff filed a Response in opposition to the Motion on March 24, 2011 [Docket No. 75]. Defendants filed a Reply on April 1, 2011 [Docket No. 76]. The Motion is fully briefed and ripe for resolution. Accordingly,

    IT IS HEREBY **ORDERED** that the Motion is **GRANTED** for the reasons set forth below.

    Although a stay of discovery is generally disfavored, the Court has broad discretion to stay an action while a dispositive motion is pending pursuant to Fed. R. Civ. P. 26(c).

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished decision). Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").  The Court weighs several factors in making a determination regarding the propriety of a stay.  *See String Cheese*, 2006 WL 894955, at * 2 (denoting a five-part test).  The Court considers:  (1) the interest of Plaintiff; (2) the burden on Defendants in going forward; (3) the Court's convenience; (4) the interest of nonparties, and (5) the public interest in general.  *Id.*  Here, those factors weigh in favor of entry of a stay.

First, the Court balances Plaintiff's desire to proceed expeditiously with his case against the burden on Defendants of going forward.  *Id.*  There can be no dispute that Plaintiff has an interest in proceeding expeditiously and getting the case in a position to go to trial should Defendants' dispositive motion fail, but his interest is offset by Defendants' burden.  Here, Defendants filed a Motion for Judgment on the Pleadings based, in part, on jurisdiction and immunity grounds [Docket No. 16].  Courts have routinely recognized that discovery may be inappropriate while the issue of immunity or other jurisdictional questions are being resolved.  *See, e.g.*, *Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is

pending); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (same); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *cf. Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding stay permissible pending ruling on dispositive motion involving jurisdictional issue); *Enplaner, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (same); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2-5 (D.D.C. 2001) (same). On balance, the Court finds that the potential harm to Plaintiff of a delay pending a stay is outweighed by the burden on Defendants resulting from conducting and responding to discovery while their Motion for Judgment on the Pleadings is pending.

The Court also considers its own convenience, the interest of nonparties, and the public interest in general. I find that these factors weigh in favor of granting a stay. In fact, the Court notes that neither its nor the parties' time is well-served by being involved in the "struggle over the substance of suit" when, as here, a dispositive motion involving jurisdiction and immunity is pending. *See Chavous*, 201 F.R.D. at 2 ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" (citations omitted)). Further, the Court identifies no particular interest of persons not parties to the litigation or the public in general. Therefore, the Court finds that a stay of discovery is warranted.[1]  Accordingly,

---

[1] To the extent that Plaintiff cites *Rome v. Romero*, 225 F.R.D. 640, 643-44 (D. Colo. 2004) for the proposition that the stay should only relate to claims asserted against Defendants in their individual capacities, I note that *Rome* drew this conclusion in relation to a pending motion for summary judgment. Motions for summary judgment require evidence and, hence,

IT IS FURTHER **ORDERED** that case deadlines are **STAYED** pending resolution of the Motion for Judgment on the Pleadings [#65].

IT IS FURTHER **ORDERED** that if appropriate, within **five (5) days** of resolution of the Motion for Judgment on the Pleadings, the parties shall file a joint status report setting forth agreed upon case deadlines for conducting discovery and filing dispositive motions. If the parties cannot agree, they shall so state in the status report and provide respective proposed schedules.

Dated: April 5, 2011

BY THE COURT:

s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix

---

discovery, to properly file an opposition. Here, the motion at issue is Defendants' Motion for Judgment on the Pleadings which does not require discovery to file an opposition. Moreover, the Court notes that Plaintiff has already responded to the Motion for Judgment on the Pleadings without benefit of or apparent necessity for additional documents or information [Docket No. 74]. Although the Court credits the holding in *Rome*, i.e., that official capacity claims need not be stayed on the basis of the assertion of a qualified immunity defense, the decision is ultimately left to my discretion. Staying the case provisionally as to individual capacity claims creates an unwieldy discovery plan and the Court finds that where discovery is not necessary to respond to the pending dispositive motion, a complete stay is preferred. This is also true here where jurisdictional defenses have been raised in support of dismissal, which do not prompt a similar distinction between official and individual capacity claims.