IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01709-WYD-KLM

SHANE MCMILLAN,

      Plaintiff,

v.

WILEY,
FOX,
JONES,
JAVERNICK,
COLLINS,
FENLON,
MADISON,
NALLEY,
WATTS,
LAPPIN, and,
DAVIS,

      Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Plaintiff's **Motion for Leave to File Amended Complaint** [Docket No. 86; Filed May 11, 2011] ("Motion to Amend"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.LCivR 72.1C.3., the Motion has been referred to this Court for a recommendation.[1] The Court has reviewed the Motion to Amend, the proposed

---

[1] A magistrate judge may issue orders on nondispositive motions only. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988). Whether motions to amend are dispositive is an unsettled issue. *Chavez v. Hatterman*, No. 06-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan 13, 2009) (unpublished decision) (citing cases). When an order denying a motion to amend removes a defense or claim from the case it may be dispositive. *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002). For the purposes of resolving the present Motion, the Court will assume that the issues involved are dispositive and require a recommendation.

Third Amended Complaint [Docket No. 86-1], Defendants' Response in opposition to the Motion [Docket No. 88], the entire file, relevant legal authority, and is fully advised in the premises. Although the deadline for a reply has not yet expired, I may review the matter at any time pursuant to D.C.COLO.CivR 7.1C. For the reasons stated below, the Court RECOMMENDS that the Motion to Amend be **DENIED**.

## I. Case Background

This matter involves the circumstances associated with Plaintiff's incarceration at the United States Penitentiary, Administrative Maximum Prison in Florence, Colorado ("ADX"). Until October 2010, Plaintiff was proceeding *pro se*. At that time, Plaintiff secured the services of counsel through his placement on the Court's list of individuals in need of *pro bono* counsel [Docket Nos. 46, 58 & 59]. On February 23, 2011, Defendants filed a Motion for Judgment on the Pleadings [Docket No. 65] seeking to dismiss Plaintiff's claims. That motion is fully briefed and pending before Chief Judge Wiley Y. Daniel. Because the parties disagree as to the scope of Plaintiff's current Complaint [Docket No. 21], simultaneous with Plaintiff responding to the Motion for Judgment on the Pleadings, Plaintiff sought leave to amend his Complaint to clarify the claims at issue. *See Response* [#74] at 24-25. Chief Judge Daniel notified Plaintiff that requests to amend could not be contained in a responsive pleading and directed him to seek permission to amend via separate motion [Docket No. 78]. This Motion followed.

The proposed Third Amended Complaint [Docket No. 86-1] at issue in the Motion to Amend seeks to set forth two additional claims and to add factual information applicable to Plaintiff's pending claims. *Motion* [#86] at 4-6. Plaintiff also seeks to amend his

Complaint by adding and subtracting certain individual Defendants and asserting claims against the Bureau of Prisons ("BOP"). *See id.* Defendants oppose the Motion to Amend on the grounds that the claims asserted in the proposed Third Amended Complaint would be futile. *Response* [#88] at 4-14.

## II. Analysis

The Court should grant leave to amend a complaint "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given, however, "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). As noted above, Defendants argue that the Motion to Amend should be denied because each proposed claim or amendment is futile. *Response* [#88] at 4-14. Although not raised by Defendants, the Court also notes the application of Fed. R. Civ. P. 16(b) to the relief requested.

### A.   Fed. R. Civ. P. 16(b) – Good Cause

As an initial matter, the Scheduling Order [Docket No. 55] provided that the deadline for seeking leave to amend pleadings expired on September 17, 2010. *Scheduling Order* [#55] at 1. Plaintiff filed the Motion to Amend long after the expiration of this deadline. Thus, the Motion is untimely. Under these circumstances, and prior to review of the Motion pursuant to Fed. R. Civ. P. 15(a), the Court considers whether Plaintiff has shown "good cause" under the standard set out in Fed. R. Civ. P. 16(b) for seeking to amend the current Complaint [Docket No. 21]. *See See Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (quoting *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F.

Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997) ("Rule 16(b)'s 'good cause' standard is much different than the more lenient standard contained in Rule 15(a). . . . Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.")). "To establish 'good cause,' the party seeking to extend the deadline must establish that the scheduling order's deadline could not have been met with diligence." *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993); *see also* Fed. R. Civ. P. 16(b) (a scheduling order deadline "may be modified only for good cause and with the judge's consent").[2]

The addition of counsel generally does not amount to good cause under the standard set out in Fed. R. Civ. P. 16(b). *See, e.g.*, *Marcin Eng'g, LLC v. Founders at Grizzly Ranch, LLC*, 219 F.R.D. 516, 521 (D. Colo. 2003) ("That new counsel is dissatisfied with the state of the case it inherited is not" good cause for action requested "long after the court-ordered deadlines have passed."). Although the pleading amendment deadline expired before the appearance of any counsel (as opposed to Plaintiff securing new counsel), the Court notes that counsel delayed approximately six months after entering an appearance before seeking leave to amend. Moreover, counsel did not move for an extension of time to seek amendment nor acknowledge in the Motion to Amend that they had an obligation to do so. Such history does not necessarily evidence diligence.

---

[2] It is the practice in this District to utilize the two-step analysis even though the Court of Appeals for the Tenth "[C]ircuit has not yet decided whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' under Rule 16(b) in addition to the Rule 15(a) requirement." *Strope v. Collins*, 315 Fed. Appx. 57, 62 n.4 (10th Cir. 2009) (unpublished decision) (internal quotation omitted).

Arguably, the Motion is subject to denial on this basis. Nevertheless, the Court resolves the Motion on Defendants' argument that amendment would be futile.

### B.   Fed. R. Civ. P. 15(a) – Futility of Amendment

"Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor Servs, Inc.*, 175 F.3d 848, 859 (10th Cir. 1999); *see also Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991) ("Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss . . ., a court may dismiss sua sponte when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." (citations omitted)). In this case, there are two grounds upon which Plaintiff's proposed Third Amended Complaint could be subject to dismissal:  (1) lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) (Claims Three and Four); and (2) failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) (Claims One, Two and Five).

Because futility is based on whether a claim could survive a motion to dismiss, the applicable standards for resolving a motion to dismiss are relevant here. The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it. Dismissal of a federal claim for lack of subject-matter jurisdiction "is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)

(quoting *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: a facial attack or a factual attack. When reviewing a facial attack on a complaint pursuant to Rule 12(b)(1), the Court accepts the allegations of the complaint as true. *Holt v. United States*, 46 F.2d 1000, 1002 (10th Cir. 1995). When reviewing a factual attack on a complaint supported by affidavits or other documents, the Court makes its own factual findings and need not convert the motion to one brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. *Id.* at 1003.

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test 'the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F. 3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Aschroft v. Iqbal*, 129 S. Ct. 1940 1949 (2009). Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for

more than a sheer possibility that defendant has acted unlawfully." *Id.* (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). However, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ashcroft*, 129 S. Ct. at 1949 (citation omitted).

### 1. Claim One[3]

Claim One alleges that Plaintiff's conditions in the general population unit at ADX implicate a liberty interest. In addition, Plaintiff contends that his placement and continued confinement at ADX is in violation of his Fifth Amendment right to due process. This claim has been repeatedly denied on summary judgment on the basis that prisoners do not possess a liberty interest in avoiding the conditions in the general population unit at ADX.

---

[3] Although the primary purpose of amendment is to add two APA claims to Plaintiff's case (Claims Three and Four), the proposed Third Amended Complaint also adds Defendants and factual allegations which apply to the currently pending claims (Claims One, Two and Five). As such, I consider whether amendment would be futile as to any claims contained in the proposed Third Amended Complaint. Although this review arguably overlaps with the Chief Judge's review of the pending Motion for Judgment on the Pleadings, such is unavoidable and is not intended to be binding as to that motion.

*See Jordan v. BOP*, 191 Fed. Appx. 639, 653 (10th Cir. 2006) (unpublished decision) (control unit); *Saleh v. BOP*, No. 05-cv-02467-PAB-KLM, 2010 WL 5464294, at *3-6 (D. Colo. Dec. 29, 2010) ("*Saleh II*") (unpublished decision); *Rezaq v. Nalley*, Case No. 07-cv-02483-LTB-KLM, 2010 WL 5157313, at *1 (D. Colo. Dec. 14, 2010), *adopting* 2010 WL 5157317 ("*Rezaq II*") (unpublished decision) (general population unit); *Georgacarakos v. Wiley*, No. 07-cv-01712-MSK-MEH, 2010 WL 1291833, at *11-13 (D. Colo. Mar. 30, 2010) (unpublished decision) (general population unit).  Moreover, in ruling on a motion to dismiss, District Judge Philip A. Brimmer recently adopted a recommendation to dismiss an identical due process claim involving ADX conditions in the general population unit.  *See Matthews v. Wiley*, 744 F. Supp. 2d 1159, 1170-73 (D. Colo. 2010).

Recently, the Court noted that given the evolution of jurisprudence regarding this specific issue, it is unlikely that any prisoner in the general population unit at ADX can survive a motion to dismiss on this claim.  *See Saleh v. BOP*, No. 05-cv-02467-PAB-KLM, 2010 WL 5464295, at *13 (D. Colo. Nov. 23, 2010) ("*Saleh I*") (unpublished decision), *adopted by Saleh II*, 2010 WL 5464294.  Indeed, since that recognition, at least one other ADX general population case has been dismissed on a motion to dismiss.  *See Deberry v. Davis*, No. 10-cv-00725-CMA-BNB, 2011 WL 1258509, at *3 (D. Colo. Mar. 31, 2011) (unpublished decision) (dismissing claim that ADX general population unit conditions violated due process because "the conditions faced by Plaintiff in [that unit] were no more burdensome than conditions faced by other inmates in cases where the courts have found no due process violations").  Plaintiff's proposed Third Amended Complaint lacks sufficient or unique factual information to justify a different result.  This is particularly true here given that Plaintiff does not allege that his confinement at ADX prolongs his prison term or that

it is indefinite (beyond arguments raised and rejected in prior cases), two crucial facts in the establishment of a liberty interest. *Saleh I*, 2010 WL 5464295, at *16 (citing *Townsend v. Fuchs*, 522 F.3d 765, 772 (7th Cir. 2008)).

Moreover, to the extent that Plaintiff intended to assert this claim against Defendants in their individual capacities, Defendants are likely entitled to qualified immunity.[4] *Boles v. Neet*, 486 F.3d 1177, 1180 (10th Cir. 2007) ("The doctrine of qualified immunity shields government officials performing discretionary functions from liability for damages 'insofar as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known.'" (citation omitted)); *see also Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 818 (2009) (holding that although qualified immunity determination involves a two-part inquiry, if Plaintiff fails either inquiry, no further analysis need be undertaken and qualified immunity is appropriate). Here, there is no clearly established law that the conditions in the ADX general population implicate a liberty interest for which certain procedural protections are due. Indeed, cases which have addressed this issue both on summary judgment and motions to dismiss have all held to the contrary. *See, e.g., Saleh II*, 2010 WL 5464294, at *3-6 (summary judgment); *Matthews*, 744 F. Supp. 2d at 1170-73 (motion to dismiss). Accordingly, amendment of this claim to assert additional factual information or Defendants would be futile.

### 2.   **Claim Two**

Claim Two addresses an alleged conspiracy by Defendants to violate Plaintiff's constitutional rights. Because I find that Plaintiff is not entitled to relief on his Fifth

---

[4] The Court need not address Defendants' alternative argument that *Bivens* claims cannot lie for this type of injury. *See Response* [#88] at 9.

Amendment claim (see above) or his Eighth Amendment claim (discussion to follow), Defendants cannot be guilty of participating in a conspiracy to violate these constitutional rights. *See, e.g.*, *Dixon v. City of Lawton*, 898 F.2d 1443, 1449 & n.6 (10th Cir. 1990) (noting that proof of deprivation of a constitutional right is a necessary predicate for any constitutional conspiracy claim). Moreover, when "qualified immunity exists on Plaintiff['s] underlying claim[s], by definition, [Plaintiff fails] to state a claim for conspiracy." *See, e.g.*, *Gehl Group v. Koby*, 838 F. Supp. 1409, 1419 (D. Colo. 1993). Accordingly, amendment of this claim to assert additional factual information or Defendants would be futile.

### 3. Claim Three

Claim Three addresses whether proposed Defendant BOP's decision to deny Plaintiff placement in the Step-Down Unit Program at ADX violates the APA. A recent Recommendation found that the Court lacked jurisdiction over a similar claim brought pursuant to the Federal Tort Claims Act. *See Saleh v. United States*, No. 09-cv-02563-PAB-KLM, *Recommendation* [#57] at 9-11 (decision pending). The use of alternative statutory authority as a predicate for the claim does not prompt a different result, but does require a slightly different analysis.

While most agency actions are reviewable pursuant to the APA, there are two notable exceptions. "The notable two exceptions, found in 5 U.S.C. § 701(a)(1) and (2), are for situations in which judicial review is expressly precluded by statute or the agency action is committed to agency discretion by law." *Payton v. United States Dep't of Agric.*, 337 F.3d 1163, 1167-68 (10th Cir. 2003). The exception at issue here is statutory preclusion. Specifically, 18 U.S.C. § 3621 confers "discretion on the BOP to designate a prisoner's place of imprisonment." *Wedelstedt v. Wiley*, 477 F.3d 1160, 1162 (10th Cir.

2007); *see also Matthews*, 744 F. Supp. at 1175 (noting that pursuant to § 3621, and in the context of placement at ADX, BOP can consider any seemingly relevant information in determining where to house an inmate). Pursuant to the clear language of the statute, decisions about where to incarcerate an inmate (which, when ADX is involved, necessarily include consideration of whether an inmate is entitled to be placed in particular units pursuant to the Step-Down Unit Program), fall within § 3621. However, pursuant to 18 U.S.C. § 3625, placement decisions governed by § 3621 are "exempt[] . . . from the APA's judicial review provisions." *Jordan v. Wiley*, No. 09-1355, 2011 WL 441776, at *9 (10th Cir. Feb. 9, 2011) (unpublished decision) (discussing whether federal court can review prison disciplinary decisions pursuant to the APA and concluding that it cannot); *see also Redmon v. Wiley*, 349 Fed. Appx. 251, 256 (10th Cir. 2009) (unpublished decision) (noting that APA barred review of BOP decision determining particular prisoner's eligibility in prison program governed by § 3621). Although the question of whether the Court has jurisdiction to review Step-Down Unit Program decisions related to a particular prisoner pursuant to the APA does not yet appear to have been decisively addressed, given the above, it is likely that such a claim would be barred by statute. *See id.* Accordingly, amendment to assert this claim against proposed Defendant BOP would be futile.

    **4.**    **Claim Four**

Claim Four addresses whether proposed Defendant BOP's designation of the D Unit at ADX as a general population unit violates the APA. This claim has been addressed and rejected in this District. *See Rezaq v. Nalley*, No. 07-cv-02483-LTB-KLM, 2008 WL 5172363, at *13-14 (D. Colo. Dec. 10, 2008) ("*Rezaq I*") (unpublished decision). Specifically, as in *Rezaq I*, Plaintiff argues that D Unit is, in essence, a control unit. By

federal regulation, before inmates may be placed in a control unit, certain prerequisites must exist and certain process must be provided to the inmate. *See* 28 C.F.R. §§ 541.40-.50 (2007). Plaintiff claims that he was deprived of the process he was due as a result of BOP's designation of D Unit as a general population unit and consequent elimination of protections afforded to individuals designated to a control unit.

As noted above, judicial review pursuant to the APA is subject to two exceptions. The second exception, namely that "the agency action is committed to agency discretion by law," is applicable here. *Payton*, 337 F.3d at 1167-68. As I noted in *Rezaq I*, this exception applies when "the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Heckler v. Chaney*, 470 U.S. 821, 830 (1985).

The statute which gives the BOP the authority to house and classify prisoners allows the BOP to develop

> an integrated system which will assure the proper classification and segregation of Federal prisoners according to the nature of the offenses committed, the character and mental conditions of the prisoners, and such other factors as should be considered in providing an individualized system of discipline, care, and treatment of the persons committed to such institutions.

18 U.S.C. § 4081. Considering this language, facility classifications are clearly committed to the discretion of the BOP, and this Court has no meaningful standard upon which to judge the appropriateness of those decisions. *See Heckler*, 470 U.S. at 830.

The Second Circuit has considered the authority conferred by § 4081 and noted that this, and a related statute "vest . . . broad unreviewable discretion in the Attorney General." *Wolfish v. Levi*, 573 F.2d 118, 125 & n.13 (2d Cir. 1978). While *Wolfish* was later overruled

on other grounds, *Bell v. Wolfish*, 441 U.S. 520 (1979), the applicable portion of the Second Circuit's holding has not been overturned. Further, the Supreme Court has recognized that "Congress has given federal prison officials full discretion" pursuant to § 4081 and there is "no legitimate statutory" basis for a prisoner to challenge classifications derived from such discretion. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *see also Marchesani v. McCune*, 531 F.2d 459, 461 (10th Cir. 1967) (noting that "the classification of prisoners rests within the sound discretion of the Attorney General"). Accordingly, amendment to assert this claim against proposed Defendant BOP would be futile.

### 5. Claim Five

Claim Five addresses whether the conditions in the general population unit at ADX violate the Eighth Amendment. This claim has also been addressed and rejected. *See Ajaj v. United States*, 293 Fed. Appx. 575, 582-84 (10th Cir. 2008) (unpublished decision); *Matthews*, 744 F. Supp. 2d at 1175-77; *Georgacarakos*, 2010 WL 1291833, at *12; *see also Sattar v. Gonzales*, No. 07-cv-02698, 2009 WL 606115, at *3-4 (D. Colo. Mar. 6, 2009) (unpublished decision) (involving conditions in an even more-restrictive unit at ADX). Simply, courts have repeatedly held that there is nothing about conditions in the ADX general population unit which can be said to shock the conscience or deprive prisoners of the basic necessities required by the Eighth Amendment. *See, e.g.*, *Hill v. Pugh*, 75 Fed. Appx. 715, 721 (10th Cir. 2003) (unpublished decision) (holding that ADX general population conditions show "neither an unquestioned and serious deprivation of basic human needs, nor intolerable or shocking conditions"). Moreover, to the extent that Plaintiff intended to assert this claim against Defendants in their individual capacities, Defendants are likely entitled to qualified immunity. There is no clearly established law that the

conditions at ADX rise to the level of those within the purview of the Eighth Amendment. Indeed, cases which have addressed this issue have all held to the contrary. *See, e.g.*, *Ajaj*, 293 Fed. Appx. at 582-84; *Matthews*, 744 F. Supp. 2d at 1175-77. Accordingly, amendment of this claim to assert additional factual information or Defendants would be futile.

### III. Recommendation

For the reasons given above, the Court respectfully **RECOMMENDS** that Plaintiff's Motion to Amend [#86] be **DENIED** and that Plaintiff's current Complaint [#21] be addressed in relation to the pending Motion for Judgment on the Pleadings [#65].

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: May 27, 2011

BY THE COURT:

                                           s/ Kristen L. Mix
                                           United States Magistrate Judge
                                           Kristen L. Mix